Hector AGUIRRE, Petitioner–Appellant,

v.

Walter R. KELLY, Superintendent, Attica Correctional Facility, Respondent–Appellee.

Docket No. 01–2182.

United States Court of Appeals, Second Circuit.

March 12, 2002.

Randolph Z. Volkell, North Bellmore, NY, for Appellant.

Jonathan J. Silbermann, Assistant District Attorney, Richmond County; Karen F. McGee, Assistant District Attorney, on the brief, for William L. Murphy, District Attorney, Richmond County, Staten Island, NY, for Appellee.

Present PIERRE N. LEVAL, GUIDO CALABRESI, Circuit Judges, and SIDNEY H. STEIN, District Judge.*

* The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner Hector Aguirre appeals from the January 10, 2001 judgment of the district court denying his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Aguirre seeks to vacate his 1995 state conviction for the murder of Jacqueline Holman. He argues that the state courts abridged his right to remain silent by failing to suppress the confession he gave to a police detective after repeatedly stating that he could not talk about "Jackie" because he had Chirvonne—his girlfriend whom he had stabbed in an unrelated incident—on his mind. Aguirre confessed to the murder of Jackie Holman while in police custody after he had been properly read his *Miranda* warning.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), to obtain a writ of habeas corpus Aguirre must show that the state court's rejection of his claim "was contrary to, or involved an unreasonable application of" clearly established Supreme Court precedent, 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2).

The trial court conducted a pretrial hearing with respect to Aguirre's motion to suppress his confession. The court determined that Aguirre's statement that he could not talk about Jackie did not amount even to an equivocal invocation of his right to remain silent. The court found that his

remark was an expression of his obsession with what had happened to Chirvonne, rather than an invocation of his right not to talk about Jackie. This finding does not represent an unreasonable determination of the evidence under § 2254(d)(2).

Once the court had determined that Aguirre's statement was not an invocation of his right to remain silent, its legal determination that Aguirre was not entitled to have his subsequent confession suppressed was manifestly not contrary to, nor an unreasonable application of, Supreme Court law.

Petitioner argues that in reviewing his conviction the Appellate Division misunderstood federal law. Even if we agreed, it would be of no consequence. Where the trial court made no error in admitting the confession, faulty analysis by an appellate court would not convert a proper receipt of evidence into a violation of a constitutional right.